# Exhibit A

2/6/2025 3:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 97078862
By: Tianni Williams
Filed: 2/6/2025 3:09 PM

2025-08391 / Court: 152

CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL DROMLEWIS | § | IN THE _____ JUDICIAL |
| PLAINTIFF | § | |
| | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| MERCEDES-BENZ USA LLC | § | |
| DEFENDANT | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MICHAEL DROMLEWIS hereinafter referred to as Plaintiff, complaining of MERCEDES-BENZ USA, LLC (hereinafter referred to as "MBUSA") hereinafter referred to as Defendant, and for cause of action would respectfully show unto the Court the following:

### I.

1.      This case's discovery control plan is submitted as a Level II.   Plaintiff seeks monetary relief over $250,000.00, but not more than $1 million.   This Court has jurisdiction because Plaintiff's damages are within its jurisdictional limits.   Venue is proper in Harris County, Texas, because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Harris County. Plaintiff requests that a jury of 12 adults be seated and act as the trial of fact in this cause.

### II.

2.      Plaintiff, MICHAEL DROMLEWIS, is an individual who resides in Tomball, Harris County, Texas.

3.      Defendant, MERCEDES-BENZ USA LLC. is headquartered in Atlanta, Georgia and is responsible for the distribution, marketing and customer service for all Mercedes-Benz. Mercedes-Benz USA, LLC may be served by serving its registered agent for service, CT Corporation, 1999

Bryan Street, Suite 900, Dallas, Texas 75201-3136 or where ever it may be found. **Issuance of citation is requested at this time.**

4.      In the event any party is misnamed and/or not included herein, it is Plaintiff's intention that that was a misidentification or misnomer or that such party is or was the alter ego of the Defendant named herein.   In Plaintiff's information and belief, Defendant knew or should have known that this cause would have been brought against it, but for a mistake concerning the proper party's identity, and knew or had reason to know what event, action, and/or omission caused this lawsuit to be filed. Consequently, Defendant had sufficient time to gather the necessary witnesses and evidence to attempt to defeat Plaintiff's claims and causes of action.   As a result Plaintiff alternatively contents that such corporate veils should be pierced to hold such parties properly included in this cause in the interest of Justice.

### III.

5.      Plaintiff has been taken advantage of by Defendant.   On or about August 29, 2023, Plaintiff, MICHAEL DROMLEWIS, purchased a 2023 Mercedes-AMG G 63 4x4$^2$, VIN:W1NYC8AJ7PX487532 from Mercedes Benz of Houston North, 17510 North Freeway in Houston, Harris County, Texas.   In approximately December 2023, Plaintiff received notice from Mercedes-Benz that the rear differential was seizing up and could cause the vehicle to flip and to stop driving immediately.   Plaintiff purchased this vehicle as part of his car collection. Plaintiff was subsequently notified by Mercedes-Benz that "Our records and investigation indicate that the subject vehicle's repair history does not qualify it for repurchase or replacement under the 'Lemon Law' ..."

### IV.

**Violations of the Texas Deceptive Trade Practices
and Consumer Protection Act**

6.      Incorporating the allegations contained hereinabove as if fully set forth hereinafter, Plaintiff is a consumer pursuant to Tex. Bus. & Comm. Code Ann. § 17.45(4) (Vernon 1987) and is

entitled to protection from deceptive trade practices. The Defendant made misrepresentations to Plaintiff with regard to the kind and quality of services and product, and their ability to render same. Defendant's conduct constitutes violations of the Texas Deceptive Trade Practices and Consumer Protection Act including, but not limited to, the following:

    a.   failing to protect the substantive and procedural rights of Plaintiff;

7. Further, the Defendant was under a duty to provide services in accordance with all express and implied warranties guaranteed by contract and law. Defendant's conduct constitutes a breach of those express and implied warranties. Plaintiff is entitled to recover for Defendant's breach of express and implied warranties pursuant to Tex. Bus. & Comm. Code Ann. § 17.50(a)(2) (Vernon 1987).

8. Defendant took advantage of their superior knowledge over the Plaintiff. The Defendant's conduct was unconscionable. Plaintiff is entitled to recover damages for the Defendant's unconscionable course of action pursuant to Tex. Bus. & Comm. Code Ann. § 17.50(a)(3) (Vernon 1987).

9. Defendant's conduct constitutes violations of the Texas Deceptive Trade Practices and Consumer Protection Act and has caused Plaintiff to suffer damages in an amount in excess of the minimum jurisdictional limits of the Court.

10. Plaintiff notified Defendant of his claims in accordance with Tex. Bus. & Comm. Code Ann. § 17.505(a) (Vernon Supp. 1992) seeking recovery of damages, attorneys' fees, and expenses. The Defendant chose to ignore Plaintiff's demand and/or did not make a good faith effort to settle and resolve this matter. Therefore, Plaintiff is entitled to recover all attorneys' fees and expenses incurred in this matter; Plaintiff is entitled to recover two times that portion of actual

damages that does not exceed $1,000; and, for Defendant's knowing and intentional conduct, Plaintiff is entitled to three times the amount of actual damages in excess of $1,000.

## V.

### Fraud and/or Negligent Misrepresentation

11.    Further, incorporating the allegations contained hereinabove as if fully set forth hereinafter, the Defendant, in the course and scope of its business and profession, supplied false information to Plaintiff regarding the kind, character, and quality of the services being provided with regard to the purchase made by Plaintiff.   They made representations regarding the quality and type of service provided, and then when apprised of their mistakes (by Plaintiff) they misrepresented their attempts to resolve the problem.

12.    Plaintiff relied on these misrepresentations of the Defendants to his detriment.   The Defendant's conduct constitutes fraud and/or negligent misrepresentation and has caused Plaintiff to suffer damages in an amount in excess of the minimum jurisdictional limits of the Court.

13.    Further, Defendant's conduct was intentional, willful, and in total disregard for the rights of the Plaintiff.   The conduct was of the kind and character that warrants the imposition of punitive damages in order to compel respect for the law and the rights of others, and to deter the Defendant and others similarly situated from similar conduct in the future.   Plaintiff is entitled to recover punitive damages in an amount in excess of the minimum jurisdictional limits of the Court.

## VI.

### Breach of Contract

14.    Further, incorporating the allegations contained hereinabove as if fully set forth hereinafter, Plaintiff alleges that the Defendant pursuant to the contractual agreement between the parties, were under several obligations including, but not limited to, the rendition of services of competent credit services.   The Defendants failed to perform their obligations under the contract resulting in inadequate services and credit.

15. The Defendants' conduct constitutes a breach of their contractual obligations, both written and oral, express and implied. Defendant's breach has caused Plaintiff to suffer damages in an amount in excess of the minimum jurisdictional limits of the Court.

16. Plaintiff was forced to seek the assistance of an attorney in this matter. Plaintiff has complied with the notice requirements of Tex. Civ. Prac. & Rem. Code Ann. § 38.001 et seq. and is, therefore, entitled to recover his reasonable and necessary attorneys' fees incurred in the adjudication of this matter.

## VII.

### Negligence

17. Further, incorporating the allegations contained hereinabove as if fully set forth hereinafter, the Defendants were under a duty to exercise reasonable care in their handling of Plaintiff's accounts and credit standing. The Defendants breached their duty in several respects including, but not limited to, the following:

a. failing to protect the substantive and procedural rights of Plaintiff;

18. The Defendant's breach of duty owed to Plaintiff constitutes negligence which has proximately caused Plaintiff to suffer damages in an amount in excess of the minimum jurisdictional limits of the Court.

19. Further, Defendant's' conduct was intentional, willful, and in total disregard for the rights of Plaintiff. The conduct was of the kind and character that warrants the imposition of punitive damages in order to compel respect for the law and the rights of others, and to deter the Defendant and others similarly situated from similar conduct in the future. The Plaintiff is entitled to recover punitive damages in an amount in excess of the minimum jurisdictional limits of the Court.

## VIII.

### Interest

20. Plaintiff is entitled to recover all prejudgment and post-judgment interest which has

and will accrue in accordance with the law.   Therefore, Plaintiff hereby seeks recovery of all pre-judgment and post-judgment interest at the maximum interest rate allowed by law.

## IX.

## Damages

Plaintiff is entitled to each of the following elements of damages:

a.       Diminution of Value totaling $300,000.00;

b.       Recoupment of payments made for a year where Plaintiff could not drive the vehicle totaling $90,000.00;

c.       attorneys' fees incurred in this litigation;

d.       prejudgment interest;

e.       post-judgment interest; and

f.       costs of court.

## X.

## Jury Trial

Plaintiff hereby requests a jury trial in this matter.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation and notice issue in accordance with law and that upon final trial or hearing hereof that he receive judgment against the Defendant including actual damages, treble and/or punitive damages, prejudgment and post-judgment interest at the maximum interest rate allowed by law, attorneys' fees, costs of court, and all other and further relief, general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**WILLIAM DILLS LAW, PLLC**

William "Billy" Dills
TX Bar No. 24067421
800 Sawyer Street
Houston, Texas 77007
Telephone: (713) 244-5286
Facsimile:     (713) 244-6094
wdills@williamdillslaw.com

**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

William Dills on behalf of William  Dills
Bar No. 24067421
WDills@WilliamDillsLaw.com
Envelope ID: 97078862
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 2/6/2025 3:56 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brendon MScott | | bscott@williamdillslaw.com | 2/6/2025 3:09:37 PM | NOT SENT |
| Brenda  Kellen | | Bkellen@WilliamDillsLaw.com | 2/6/2025 3:09:37 PM | NOT SENT |
| Rachel Delgado | | RDelgado@WilliamDillsLaw.com | 2/6/2025 3:09:37 PM | NOT SENT |